1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GREGORY DAVID WERBER,

Petitioner,

v.

WARDEN, United States Penitentiary, Lompoc,

Respondent.

Case No.  2:21-cv-07018-SB-SP

ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the records herein, and the Report and Recommendation of the U.S. Magistrate Judge.  After having made a de novo determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Petitioner raised a single claim in his Petition—that the Respondent failed to give him what he describes as his "*Goldstein*" credits for time he served many years prior to the conviction for which he is currently serving time.  Dkt. No. 1, at 3 (citing *Goldstein v. U.S. Parole Comm'n*, 940 F. Supp. 1505 (C.D. Cal. 1996)). *Goldstein* does not stand for the proposition that a defendant is entitled, as a matter of statutory or constitutional law, to apply "excess" credits to custody served for future crimes.  Indeed, the district court in *Goldstein* offered no legal analysis at all, relying instead on an agreement by the partes in the case to apply credit for time served on a concededly illegal sentence.

Nor has Petitioner demonstrated that the U.S. Constitution requires that the time served on a vacated state sentence must be applied to a federal sentence lawfully imposed for a subsequently committed federal crime.  He argues that "[c]ontinued incarceration beyond the term imposed by a judge or established by the state is not penologically justified."  Dkt. No. 21, at 8.  But that is not the situation here.  Petitioner is not being held beyond the term of his federal sentence, and there is certainly penological justification for not providing credit to a released inmate against future crimes.  An inmate who walks out the jail doors with credit in his pocket might get the idea that he has a license to commit another crime—especially if the maximum sentence does not exceed the amount of credit he is carrying.

Accordingly, the Court approves and accepts the Report and Recommendation, denies Respondent's motion to dismiss, and directs that judgment be entered denying and dismissing the Petition with prejudice.  The Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the judgment in this case on Petitioner and counsel for Defendant.

Dated:  August 13, 2022



_____

Stanley Blumenfeld, Jr.
United States District Judge